IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 15-30146-MJR |
| vs. | ) | |
| | ) | |
| MARCUS DEWAYNE THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S AGREEMENT TO PLEAD GUILTY

It is hereby agreed between the United States of America, through Acting United States Attorney James L. Porter and Assistant United States Attorney Daniel T. Kapsak (collectively referred to as the "United States") and Defendant Marcus Dewayne Thompson, (hereinafter "Defendant") with the advice and consent of Ethan Skaggs, counsel for Defendant, as follows:

### I. Plea, Penalties, and Elements

1.  Defendant will enter a plea of guilty to Counts 1 and 2 of the Indictment. Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, are as follows:

| Count | Charge & Statute | Statutory Penalties | Elements of the Offense |
|---|---|---|---|

| 1 | Conspiracy to Commit Sex Trafficking of a Child and by Force, Fraud, or Coercion; Title 18, United States Code, Sections 1591(a)(1)-(2), (b)(1)-(2), and 1594(c). | Any Term or Life imprisonment, NMT 5 years supervised release, a Special Assessment of up to $5,000; and Restitution | 1. Two or more persons in some way or manner came to a mutual understanding or agreement to try to accomplish a common and unlawful plan, as charged in the Indictment, namely that:<br>(a) Defendant knowingly harbored, transported, provided, obtained, advertised, and maintained by any means, MV-1, and Defendant knowingly benefitted financially and received a thing of value from participating in a venture that did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means, MV-1.<br>**(b) Defendant did so knowing and in reckless disregard of the fact that MV-1 had not attained the age of 18 years and would be caused to engage in a commercial sex act and that threats of force, fraud, and coercion would be used to cause MV-1 to engage in a commercial sex act; and**<br>(c) Defendant's acts were in or affected interstate or foreign commerce; and<br>2. Defendant knowingly became a member of the conspiracy with intent to further the conspiracy. |

| | | | |
|---|---|---|---|
| 2 | Sex Trafficking of a Child and by Force, Fraud, or Coercion under Title 18, United States Code, Section 1591(a)(1)-(2), and (b)(1)-(2). | NLT 15 years to Life imprisonment, NMT $250,000, NMT 5 years supervised release, a Special Assessment of up to $5,000; and Restitution. | 1. Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, or maintained a person by any means, namely MV-1, and Defendant knowingly benefitted financially or by receiving a thing of value from participating in a venture that did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, or maintain, by any means, MV-1;<br>2. Defendant did so knowing and in reckless disregard of the fact that MV-1 had not obtained the age of 18 years and would be caused to engage in a commercial sex act and that threats of force, fraud, and coercion would be used to cause MV-1 to engage in a commercial sex act, and<br>3. Defendant's acts were done in or affecting interstate commerce. |

Defendant committed acts that satisfy each of the above elements of the offense listed above. Defendant agrees that Defendant is guilty of the charges in Counts 1 and 2 of the Indictment.

2. Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count, however, because this is a human trafficking case, if the Court finds the Defendant is not indigent, the "Special Assessment" is $5,000. Defendant agrees to pay the special assessment on or before the date of sentencing unless Defendant establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case Defendant agrees to pay it as soon as practicable.

3. Defendant understands that the United States will recommend the imposition of a fine, which may be based in part on Defendant's projected earnings through the Inmate Financial Responsibility Program. Defendant understands that restitution is mandatory.

4. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015, are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

5. Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office, and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

## II. Advisory Sentencing Guideline Calculations

1. **Defendant understands he is entering an "open plea" of guilty whereby the United States has not agreed to recommend any particular sentence or guideline range and may in fact recommend that Defendant be sentenced to any sentence of incarceration, supervised release, fine, and/or restitution allowable under the law, including the maximum sentence.** The United States submits that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 37, a Criminal History Category of V, a sentencing range of 324-405 months, and a fine range of $40,000 to $400,000. The United

States and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The United States and Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a). The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by Defendant and the United States. Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of Defendant.

2. The United States anticipates that the Base Offense Level in this case is 34 pursuant to U.S.S.G. § 2G1.3(a)(1). The United States further anticipates that the specific offense characteristic for undue influence set forth in U.S.S.G. § 2G1.3(b)(2)(B) applies; thus, Defendant's Base Offense Level would be increased two levels, creating an Offense Level of 36. The United States further anticipates that the specific offense characteristic for use of a computer set forth in U.S.S.G. § 2G1.3(b)(3)(A) and (B) applies; thus, Defendant's Base Offense Level would be increased two additional levels, creating an Offense Level of 38. The United States further anticipates that the specific offense characteristic for sexual conduct set forth in U.S.S.G.

§ 2G1.3(b)(4)(A) applies; thus, Defendant's Base Offense Level would be increased two additional levels, creating an Offense Level of 40.

3. The United States anticipates that no victim-related adjustments apply to this offense. See U.S.S.G. § 3.A.

4. The United States anticipates that Defendant's role in the offense was such that Defendant's offense level will be neither increased (under 3B1.1) nor decreased (under 3B1.2).

5. The United States anticipates that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level will not be increased.

6. Because Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, the United States anticipates Defendant will be entitled to a reduction of three guideline Levels, thereby reducing the Offense Level from 40 to Offense Level 37. See U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

7. The United States submits to the Court that it appears that Defendant has amassed twelve (12) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is V.

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 11/21/05 | Tamper w/ Motor Vehicle First Degree, Washington County, Missouri | Guilty | U.S.S.G. Section 4A1.1(a) | 3 |

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 3/27/07 | Unauthorized Use of a Vehicle, Rockwell County, Texas | Guilty | U.S.S.G. Section 4A1.1(b) | 2 |
| 7/25/07 | Evading Arrest/Unauthorized Use of a Vehicle, Rockwall County, Texas | Guilty | U.S.S.G. Section 4A1.1(b) | 2 |
| 12/15/11 | Stealing of a Motor Vehicle First Degree, Reynolds County, Missouri | Guilty | U.S.S.G. Section 4A1.1(c) | 1 |
| 7/8/11 | Evading Arrest/Detention, Rockwall, Texas | Guilty | U.S.S.G. Section 4A1.1(b) | 2 |
| 8/7/13 | Evading Arrest/Detention, Garland, Texas | Guilty | U.S.S.G. Section 4A1.1(b) | 2 |
| | | | | Total Points 12 Criminal History Category V |

### III. Limitation of Agreement to Plead Guilty & Breach of the Agreement

1. Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Agreement to Plead Guilty and Stipulation of Facts. Defendant agrees that this Agreement to Plead Guilty and the Stipulation and any addenda attached hereto embody the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written.

2. Defendant understands and acknowledges that the Agreement to Plead Guilty is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Agreement to

Plead Guilty does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

### IV. Defendant's Waiver of Rights and Consequences of Plea of Guilty

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). Defendant and United States agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

## V. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

## VI. Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the United States has provided complete discovery compliance in this case. Defendant has been made of the United States' evidence and has discussed the United

States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Agreement to Plead Guilty is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

By signing this Agreement to Plead Guilty, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Agreement to Plead Guilty with defense counsel and fully understands its meaning and effect.

## VII.  Defense Counsel's Acknowledgements

I have thoroughly read, reviewed and explained this Agreement to Plead Guilty to my client, who understands and accepts its terms. I have advised Defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the maximum statutory sentence possible. I have further discussed the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement or the attached addenda, if any.

## VIII.

The parties do not agree on the length of the sentence to be imposed. Restitution amounts, if any, are unknown at this time.

<br>

x/s/ Marcus Dewayne Thompson
MARCUS DEWAYNE THOMPSON
Defendant

/s/ Ethan Skaggs
ETHAN SKAGGS
Attorney for Defendant
Date: 5/12/16

JAMES L. PORTER
Acting United States Attorney

/s/ Daniel T. Kapsak
DANIEL T. KAPSAK
Assistant United States Attorney

Date: 5/13/16